

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00058-CR

———————————————

BOBBY DEAN HACKETT, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1558981D

Before Gabriel and Kerr, JJ.; and Lee Ann Dauphinot (Senior Justice, Retired, Sitting by Assignment).
Memorandum Opinion by Justice Dauphinot

**MEMORANDUM OPINION**

A jury convicted Appellant Bobby Hackett of possession of less than one gram of methamphetamine, a state jail felony enhanced to second-degree-felony punishment. *See* Tex. Health & Safety Code Ann. § 481.115(b); Tex. Penal Code Ann. §§ 12.33, 12.425(b). The trial judge assessed his punishment at 20 years' confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal, Appellant brings a single issue, arguing that the trial court reversibly erred in allowing the State to lay the predicate for an extraneous offense that later turned out to be inadmissible. We hold that Appellant failed to preserve his complaint and affirm the trial court's judgment.

Brief Facts

Eric Ramos, a Fort Worth police officer, testified that on August 22, 2018, he was in a high drug area in South Fort Worth when he observed and followed a car to Trail Lake Drive, where he pulled the car over after discovering that it had "[e]xpired tags." Inside the car were two persons—Appellant, the driver, and a female passenger whom Officer Ramos described as having sores all over her body that he associated with chronic methamphetamine use.

After Appellant gave Officer Ramos permission to search his car, the officer found a backpack in the backseat. Inside the backpack were a man's work gloves, a man's watch, tools, tow slips from the company Appellant had worked for, and syringes,

2

one of which was loaded with methamphetamine. Appellant admitted that the backpack was his.

On the passenger side, Officer Ramos found a black pouch that contained amphetamine, and on the passenger-side floorboard, he found a meth pipe. Officer Ramos's partner, Officer Cassidy Tischler, searched the female passenger and found an open syringe in her waist band and marijuana and heroin in her bra.

Appellant does not dispute Officer Ramos's testimony concerning the detention and the search.

Discussion of Appellant's Sole Issue

In a single, multifarious issue, Appellant argues that the trial court erred when it allowed the State to lay the predicate for admitting an indictment and conviction of an inadmissible extraneous offense because

- the trial court failed to perform a balancing test to determine whether the evidence's probative value was substantially outweighed by the danger of unfair prejudice;[1]

- the extraneous-offense evidence was inadmissible because it did not serve as proof of intent or knowledge beyond its tendency to prove character conformity;[2] and

---

[1] *See* Tex. R. Evid. 403.

[2] *See* Tex. R. Evid. 404(a)(1), (b)(2); *Montgomery v. State*, 810 S.W.2d 372, 387–88 (Tex. Crim. App. 1990) (op. on reh'g).

3

- the State did not provide notice of its intent to offer this particular extraneous-offense evidence in response to Appellant's request.[3]

The State argues that Appellant has failed to preserve his complaint for appellate review. The State is correct.

The predicate about which Appellant complains lies in Sheriff Deputy Paul Rojas's (the State's fingerprint expert's) testimony. Before Deputy Rojas testified, the prosecutor stated on the record and outside the jury's presence that she wanted Deputy Rojas's testimony for "intent, knowledge, and absence of mistake." The offense in question was another conviction for possession of a controlled substance (methamphetamine). The trial court then asked defense counsel if he was "requesting a balancing." Defense counsel responded,

> Yeah, and just so we're clear because I want to make sure that it's clear to the Court of Appeals that my objection comes under 403, which is more prejudicial than probative, also under 404(b) that it does not meet any of those definitions of intent, lack of mistake or knowledge. And this is just a conformity issue of which the State is trying to get into something they would not be allowed to do.

The trial court responded that it would instruct the jury that

> any testimony before you in this case regarding the Defendant's having committed offenses other than the offense alleged in the indictment, you cannot consider such testimony for any purpose unless you find and believe beyond a reasonable doubt that the Defendant committed such other offense. And even then, you may only consider it in determining intent, knowledge, or absence of mistake, if any, in connection with the offense.

---

[3] *See* Tex. R. Evid. 404(b)(2).

The trial court summarized, "That will be the instruction I will give," and then concluded, "In addition, I have conducted a balancing test and I have determined that the probative value . . . is not substantially outweighed by the prejudicial effect of such evidence." Thus, contrary to Appellant's contention, the record reflects that the trial court did perform a balancing test when overruling Appellant's initial objections. That portion of Appellant's complaint has no merit.

Before the jury, Deputy Rojas then testified that he had just taken Appellant's fingerprints and had compared them to fingerprints already in law enforcement's possession from the Tarrant County jail and concluded that they were the same. When the prosecutor asked Deputy Rojas to identify State's Exhibit 13, he explained that it was an indictment out of Tarrant County. The prosecutor followed up by asking Deputy Rojas whether the exhibit contained a judgment and sentence, but before Deputy Rojas could respond, defense counsel objected and asked to approach the bench.

Outside the jury's presence, defense counsel stated, "Your Honor, I believe he was about to testify about an offense from Tarrant County, which I'm not sure, probably the 2013. The problem, though, is the 404(b) notice that I was given, that is not listed as an extraneous offense. Therefore, it's not admissible for any purpose." The State conceded that that particular conviction did not appear on its Rule 404(b) notice, and the trial court sustained Appellant's objection. The trial court then asked Appellant's counsel, "At what point do you want me to instruct the jury on the limited

5

instruction?" Counsel replied, "Well, once the State asks to enter something into evidence, I would like it then."

When the jury returned to the courtroom, the prosecutor announced that the State had no further questions, and defense counsel asserted that Appellant had no questions either. The matter ended there.

In short, after the trial court sustained Appellant's lack-of-notice objection outside the jury's presence, when trial resumed, Appellant failed to request an instruction to have the jury disregard the earlier testimony and failed to move for a mistrial. Appellant received all the relief that he requested. By not asking for additional relief and by not obtaining an adverse ruling, Appellant has failed to preserve his argument that the trial court erred by allowing the predicate to be laid.[4]

Because the trial court granted Appellant all the relief he requested, that is, the trial court performed the requested balancing test and sustained Appellant's objection, and because Appellant did not request an instruction to disregard, move for a mistrial, or receive an adverse ruling, he has no cognizable complaint on appeal.[5]

We overrule Appellant's sole issue on appeal and affirm the trial court's judgment.

---

[4]*See* Tex. R. App. P. 33.1(a)(1); *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013).

[5]*See Cook v. State*, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993).

/s/ Lee Ann Dauphinot
Lee Ann Dauphinot
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  October 1, 2020